UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**KEITH JEFFREY,**

                                  **Plaintiff,**

                     **-v-**                           **9:09-CV-327 (NAM/GHL)**

**WALEED AHMED, CATHERINE WELLS, JOHN
MALY, GREG PALEN,**

                                  **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

KEITH JEFFREY
97-A-1231
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff, *pro se*

HON. ERIC T. SCHNEIDERMAN, Attorney General for the State of New York
JUSTIN C. LEVIN, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action for monetary damages under 42 U.S.C. § 1983. Defendants moved (Dkt. No. 39) for summary judgment. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge George H. Lowe has issued an excellent Report and Recommendation (Dkt. No. 44) recommending that the motion be granted in part and denied in part. Specifically, Magistrate Judge Lowe recommends that

summary judgment be granted dismissing all claims except the retaliation claim against defendant Catherine Wells.

Defendants have submitted an objection (Dkt. No. 45), contending that the motion for summary judgment should be granted in its entirety and the complaint dismissed.  In view of defendants' objections, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of so much of the Report and Recommendation as recommends that summary judgment be denied as to the retaliation claim against defendant Wells.  Regarding the other matters addressed by Magistrate Judge Lowe, the Court accepts the Report and Recommendation's discussion and recommendations, based on plaintiff's failure to submit an objection and the lack of clear error or manifest injustice.

On review of the entire record, the Court agrees with Magistrate Judge Lowe that plaintiff's retaliation claim against defendant Wells is not subject to dismissal on summary judgment.  On February 21, 2007, plaintiff filed a grievance complaining that on February 15, 2007, while incarcerated at Shawangunk Correctional Facility, he suffered a burn on his back from a hot pack applied during physical therapy by defendant Ahmed, a physical therapist.  The grievance adds that on February 19, 2007, defendant Wells, Shawangunk's Nurse Administrator, denied plaintiff's request to have a picture taken of the burned area.  He further states that Wells and two other nurses "are attempting to cover themselves and the therapist by not taking a picture of the sore and suggesting that another inmate did me harm."  On the following day, February 22, 2007, defendant Wells filed a misbehavior report against plaintiff, charging him with making a false statement and self-mutilation.  In the hearing on the disciplinary charge, plaintiff stated, "Basically I'm saying when you see the date you see it says the 22nd so she [was] basically

writing me up on retaliation."

In his complaint, plaintiff claims:

> On February 22, 2007, Catherine Wells wrote a report of misbehavior that charged me with rule violation 107.20 making a false statement and 123.10 self mutilation, from the inmate rule book established by the New York State Department of Correction.  Defendant Wells' report was written in direct retaliation for the burns inflicted by Physical Therapist Ahmed. In an attempt to cover up the injury inflicted.

The second cause of action in the complaint alleges that Wells subjected plaintiff to retaliation "by filing a false misbehavior report charging [plaintiff] with rule violations in retaliation for the grievance complaint filed against Welled [*sic*] Ahmed for subjecting [plaintiff] to severe burns, pains and scarring."  In his deposition taken during the course of the instant action, plaintiff states: "[Wells] wrote a misbehavior report based on the fact that I filed a grievance of what took place."

On this motion, Wells submits a declaration stating that during the investigation into plaintiff's allegations concerning the burn, she determined, based on the shape and location of the burn and on information from defendant Ahmed, that plaintiff had burned his own back and made false statements in an attempt to blame medical staff for the burn.  Her determination that the burn was self-inflicted was confirmed by Dr. Genovese, who viewed plaintiff's back on February 21, 2007.  Wells states that when she wrote the misbehavior report, she was unaware that plaintiff had filed a grievance.  Wells' declaration adds that in late February or early March, after she had written the misbehavior report, she became aware of confidential information confirming that plaintiff had burned his own back.  She denies any conspiracy, retaliatory motive, or "cover-up."

On *de novo* review, the Court agrees with Magistrate Judge Lowe that plaintiff's evidence on the retaliation claim, although weak, is sufficient to raise a question of fact.  The Court adopts

-3-

Magistrate Judge Lowe's reasoning on the issue. Thus, the Court accepts the Report and Recommendation in its entirety.

It is therefore

ORDERED that United States Magistrate Judge George H. Lowe's Report and Recommendation (Dkt. No. 44) is accepted in full; and it is further

ORDERED that defendants' motion (Dkt. No. 39) for summary judgment is granted in part and denied in part, and all claims against all defendants are dismissed except the retaliation claim against defendant Catherine Wells; and it is further

ORDERED that the Clerk serve this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

IT IS SO ORDERED.

September 19, 2011
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge